**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1180**

---

ERIK J. CARDIN,

>                    Plaintiff - Appellee,

>        v.

LEAH MARIE OLSZEWSKI,

>                    Defendant - Appellant.

---

**No. 22-1183**

---

ERIK J. CARDIN,

>                    Plaintiff - Appellant,

>        v.

LEAH MARIE OLSZEWSKI,

>                    Defendant - Appellee.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:19-cv-01646-LO-JFA)

---

Submitted:  July 20, 2023                    Decided:  September 6, 2023

---

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Jennifer M. Becker, LEGAL MOMENTUM, New York, New York; Christine N. Walz, HOLLAND & KNIGHT LLP, New York, New York; Melanie L. Bostwick, Isaac Park, Washington, D.C., Siobhan C. Atkins, ORRICK, HERRINGTON & SUTCLIFFE LLP, New York, New York, for Appellant/Cross-Appellee.  James S. Kurz, REDMOND, PEYTON & BRASWELL, Alexandria, Virginia, for Appellee/Cross-Appellant.

_____

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Leah Marie Olszewski appeals from the district court's judgment entered after a jury trial on Erik J. Cardin's claims against her under Virginia law for malicious prosecution and her counterclaim against Cardin under California law for domestic violence. The jury found Olszewski initiated Virginia state criminal complaints against Cardin without probable cause and with malice and awarded him $10,000 in compensatory damages. The jury also found for Cardin on Olszewski's domestic violence counterclaim. After trial, Cardin moved for an award of attorney's fees incurred on his malicious prosecution claims, and the district court denied the motion. The court also denied Olszewski's renewed motion, *see* Fed. R. Civ. P. 50(b), for judgment as a matter of law and her Fed. R. Civ. P. 59(a) motion for a new trial. Olszewski timely appealed, and Cardin noted a timely cross-appeal. In appeal No. 22-1180, Olszewski argues she is entitled to judgment as a matter of law on the malicious prosecution claims because Cardin did not present sufficient evidence that she lacked probable cause for her two criminal complaints made to Virginia magistrates. Olszewski next argues she is entitled to a new trial on the malicious prosecution claims because the jury was not correctly instructed relative to probable cause. She also argues that the district court erred by excluding certain evidence, warranting a new trial on her domestic violence counterclaim and on the malicious prosecution claims. In appeal No. 22-1183, Cardin argues that the district court erred in denying his motion for attorney's fees. We affirm.

When, as here, the "the loser of a jury trial challenges the verdict under [Fed. R. Civ. P.] 50(b), the question is whether a jury, viewing the evidence in the light most

3

favorable to the winning party, could have properly reached the conclusion reached by this jury." *Wiener v. AXA Equitable Life Ins. Co.*, 58 F.4th 774, 784 (4th Cir. 2023) (cleaned up). "Because [Cardin] won at trial, all disputed facts must be construed in his favor and he must be given the benefit of all reasonable inferences." *Id.* We review the district court's denial of Olszewski's Rule 50(b) motion challenging the sufficiency of the evidence de novo. *Id.*

Having reviewed the facts adduced at trial in the light most favorable to Cardin, we conclude that there was sufficient evidence for a jury to find that Olszewski lacked probable cause for her two criminal complaints that resulted in criminal prosecutions against Cardin. *See Dill v. Kroger Ltd. P'Ship I*, 860 S.E.2d 372, 378 (Va. 2021) (setting forth elements of malicious prosecution claim and defining probable cause). We reject as without merit Olszewski's appellate arguments challenging this conclusion.

Turning to Olszewski's arguments that she is entitled to a new trial on the malicious prosecution claims because the jury was not properly instructed on matters relating to probable cause, we find on de novo review no reversible error in the district court's instruction to the jury on the role of the magistrate in assessing probable cause. *See Wickersham v. Ford Motor Co.*, 997 F.3d 526, 535 (4th Cir. 2021). We also discern on review for abuse of discretion, *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018), and for plain error, *United States v. Barringer*, 25 F.4th 239, 253 (4th Cir. 2022), no reversible error in the district court's instructions to the jury regarding the legal test for probable cause.

4

With regard to the district court's evidentiary rulings, Olszewski argues she is entitled to a new trial on her domestic violence counterclaim and on the malicious prosecution claims because the court erred in refusing to admit evidence she claims rebutted Cardin's contention that she fabricated her claims of abuse. We conclude after review of the record that the court's exclusion of a letter issued by an Air Force lieutenant general and the fact that Olszewski had testified before Congress about the military's failings in addressing domestic violence was harmless error at most. *See Wickersham*, 997 F.3d at 531-32. We also conclude that the district court's denials of Olszewski's requests to introduce evidence she had reported abuse to family and friends likewise was harmless.

Turning, then, to Cardin's cross-appeal, he requested $168,622 in attorney's fees incurred on his malicious prosecution claims in this action. The district court denied the motion because Cardin was not entitled to an award of such fees under Virginia law. Having reviewed the denial order de novo, *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 186 (4th Cir. 2013), we discern no reversible error in that determination. We also reject as without merit Cardin's appellate arguments that an attorney's fee award was allowed pursuant to *Prospect Dev. Co., Inc. v. Bershader,* 515 S.E.2d 291 (Va. 1999), and *Westwood Ltd. P'Ship v. Grayson*, No. CL-2016-09728, 2017 WL 9887530 (Va. Cir. Ct. Sept. 8, 2017), *rev'd and vacated sub nom. Grayson v. Westwood Bldgs. L.P.*, 859 S.E.2d 651 (Va. 2021).

Accordingly, we affirm the district court's judgment. We deny Cardin's motions to expedite decision and dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*